# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| JAMAL WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:17-cv-01701-VEH-TMP |
| | ) |
| DR. DAVID PAVLAKOVIC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF OPINION

The magistrate judge filed a report on January 2, 2018, recommending this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1), due to the plaintiff's failure to state a claim upon which relief can be granted. (Doc. 13). The plaintiff was notified of his right to file objections within fourteen (14) days of the report and recommendation (*id*., at 14-15), and on January 18, 2018, the court received the plaintiff's objections.[1] (Doc. 14).

When reviewing a magistrate judge's report and recommendation, the court reviews the portions to which an objection has been raised *de novo*. *Thomas v. Arn*, 474 U.S. 140, 150-51 (1985). The court reviews those portions that are not specifically objected to under the "clearly erroneous" standard. *Id*.

---

[1] The objections are dated and postmarked January 12, 2018, making them timely filed under the prison mailbox rule. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (deeming prisoners' legal documents "filed" at the time of delivery to prison officials.

In the report and recommendation, the magistrate judge concluded that the plaintiff failed to plead facts which could demonstrate that any of the named defendants acted with deliberate indifference to the plaintiff's medical needs. (Doc. 13 at 9). In his unsworn objections, the plaintiff provides additional facts in support of his claims. (Doc. 14). He asserts that at some point in time, defendant nurses Kurt and Clabo "did my vital signs and I stated to them that my hernia flared up and it stop me from walking normal..." (Doc. 14 at 1). When the plaintiff related to these defendants that he was throwing up stomach bile, they provided him a red biohazard bag and told him to come back with proof. (*Id.*). He continues:

> Dr. Pavlakovic was present at the time as a matter of fact he was present a few times when I was rush to the infirmary he knew about the seriousness of my hernia threw multiple visit to Health Care then its in my file that I've been up there complaining about pain in my groan area but all they did was give me a bottom rack profile and a hernia belt. Every time Dr. Pavlokovic was phoned Nurse Johnson etc ... several times, the many occassion they informed him of the seriousness of my hernia, he kept refusing to send me out, by sending me back to my assigned dormitory were I slept. He also knew about the red biohazard bag that nurse Patsy Clabo gave me too show proof that I was throwing up stomach acid and bile that I brought back up there."

(Doc. 14 at 1-2) (grammatical and spelling errors in original).

The plaintiff failed to set forth sufficient factual allegations to support a claim upon which relief could be granted in his complaint, amended complaint, or second amended complaint, despite instructions from the court. Specifically, the magistrate

judge instructed the plaintiff to file a second amended complaint because, "while the plaintiff names Nurse Sharon Kurt and HSA Patsy Clabo as defendants, he states no claims against them." (Doc. 10 at 1). The plaintiff was further instructed that he should "state how each of the named defendants violated his constitutional rights, the date(s) on which the incidents occurred and where the incident(s) occurred."[2] (*Id*., at 2). In notifying the plaintiff of his right to file objections to the report and recommendation, the magistrate judge advised the plaintiff that his "[o]bjections should not contain new allegations, present additional evidence, or repeat legal arguments." (Doc. 13 at 15). Thus, the plaintiff's new factual allegations are not properly before the court. Additionally, all of the facts alleged for the first time in the plaintiff's objections were known to him at the time he filed each of the three complaints in this action.

Even if the court considers the newly alleged facts, the plaintiff's second amended complaint is still subject to dismissal for failing to state a claim upon which

---

[2] The second amended complaint contained even fewer details of the plaintiff's allegations than the first amended complaint. Therefore, the magistrate judge construed the allegations of the second amended complaint as supplementing the first amended complaint. (Doc. 13 at 4 n.2). Even with the additional facts in his objections, the plaintiff still has not cured the deficiencies identified in the report and recommendation. Further amendment of the complaint would be futile. *See Bryant v. Dupree,* 252 F.3d 1161, 1163 (11th Cir. 2001) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." A district court need not, however, allow an amendment (1) where there has been .... repeated failure to cure deficiencies by amendments previously allowed...) (citations omitted).

relief can be granted. A claim for deliberate indifference requires the plaintiff to allege facts to meet both an objective and a subjective component. *Bingham v. Thomas*, 654 F.3d 1171, 1176 (11th Cir. 2011). Accepting that a hernia requiring surgical repair satisfies the objective component, the plaintiff fails to allege facts which could demonstrate that the defendants were aware of and acted with deliberate indifference to his serious medical needs. To show that the defendants acted with "deliberate indifference," the plaintiff must allege facts which could support a conclusion that the defendants knowingly disregarded a risk of serious harm. *Black v. Alabama Dep't of Corr.*, 578 F. App'x 794, 795 (11th Cir. 2014) (citing *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010) (deliberate indifference requires proof of "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence").

Previously, the plaintiff alleged that in the evening of February 3, 2017, his hernia flared up. (Doc. 11 at 5). An officer notified the Health Care Unit ("HCU"), but no one responded. (Doc. 6 at 4). The plaintiff was returned to the HCU twice on February 4, 2017. On the first occasion, the plaintiff states "moments later he was returned to his dorm."[3] (*Id.*, at 6). On the second occasion, the plaintiff alleges he saw

---

[3]The plaintiff does not allege whether or not he was examined or treated by any defendant, or anyone else, at this time. He states only that he did not receive "adequate medical care." (Doc. 6 at 6).

non-parties Nurse Johnson and Nurse Belvins. (*Id*.). They retained him in the HCU until the morning of February 5, 2017, when he awoke to hear defendant Dr. Pavlakovic making rounds. (*Id*.). Rather than examining him, Dr. Pavlakovic scheduled an appointment for the plaintiff on February 7, 2017. (*Id*.). The plaintiff asserts that in the evening of February 5, 2017, he was sent back to HCU, but again left without "adequate health care."[4] (*Id*., at 7). He then began vomiting bile mixed with blood. (*Id*.). He did not return to the HCU until 10:30 p.m. on February 6, 2017. (*Id*.).

Nothing in the plaintiff's objections, devoid of any time references, demonstrates that either defendant Clabo or defendant Kurt had any knowledge of the severity of the plaintiff's condition between February 3, 2017, and February 6, 2017. Rather, at some unspecified point in time, defendants Clabo and Kurt provided the plaintiff with a red biohazard bag and at some later unspecified point in time, an officer told the plaintiff that he had returned the bag to defendant Kurt. (Doc. 14 at 1, 2). Similarly, the plaintiff fails to allege any facts which could show that Dr. Pavlakovic knowingly disregarded a risk of serious harm by conduct that was more than negligence. According to the plaintiff's objections, at some point in time Dr.

---

[4] According to the affidavit of inmate Travis Sessions, the plaintiff returned from one of the enumerated trips to the HCU with a pain reliever. (Doc. 11 at 18).

5

Pavlakovic provided the plaintiff with orders for a bottom bunk and a hernia belt.[5] (Doc. 14 at 1). According to the plaintiff's first amended complaint, on the morning of February 5, 2017, Dr. Pavlakovic reviewed the plaintiff's medical chart and scheduled an appointment for the plaintiff two days later. (Doc. 6 at 6).

The plaintiff's objections include factual statements indicating that he did receive treatment for his hernia. That the treatment was not sufficient to avert surgery does not mean the treatment was deliberately indifferent. *See e.g. Jackson v. Jackson*, 456 F.App'x 813, 814-15 (11th Cir. 2012) (where plaintiff received treatment for hernia including pain medication and truss, postponing surgery for six months was not deliberate indifference. "That [plaintiff] felt he should have had surgery earlier than he did is insufficient to support a deliberate indifference claim."); *Palazon v. Secretary for Dept. of Corrections*, 361 F.App'x 88, 89 (11th Cir. 2010) (delay in hernia surgery, based on hernia remaining treatable through pain medication and hernia truss without surgery, was not deliberate indifference.).

---

[5] From the plaintiff's statements, this may have been well before February 3, 2017, when his hernia "flared up," or may have been between February 3 and 6, 2017. While courts liberally construe the complaints of *pro se* plaintiffs, they are not at liberty to rewrite the complaint to state a claim. *Campbell v. Air Jamaica Ltd.,* 760 F.3d 1165, 1168-69 (11th cir. 2014) (citing *GRJ Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)) (The leniency to which *pro se* plaintiffs are entitled "does not give a court license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action.").

Medical treatment must be "so grossly incompetent, inadequate or excessive as to shock the conscience or be intolerable to fundamental fairness." *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citations omitted). The plaintiff's belief that he should have received more, faster, better, or different treatment is insufficient to state a claim upon which relief can be granted. *See Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (whether defendants "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding" constitutional liability); *Harris*, 941 F.2d at 1505 (a difference in medical opinion between the prison's medical staff and the inmate about the latter's course of treatment does not support a claim of cruel and unusual punishment); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Although Hamm may have desired different modes of treatment, the care the jail provided did not amount to deliberate indifference."). To implicate the Eighth Amendment, a defendant's treatment of a prisoner's condition must have been so inadequate as to constitute an "unnecessary and wanton infliction of pain" and not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks, alterations and citations omitted). Nothing in the plaintiff's pleadings can

7

support an allegation that any of the named defendants were indifferent to his medical needs. Taking his allegations as true, his pre-existing hernia became painful in the evening of February 3, 2017. (Doc. 11 at 5). In the next three days, he was seen in the HCU at least four times, and on the fourth occasion, in the evening of February 6, 2017, he was transferred to a hospital for treatment. (Doc. 6 at 6-7).

"[N]ot every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (citations omitted). While the plaintiff's allegations may suggest negligence or medical malpractice, "[a]ccidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" *Harris v. Coweta Cty.*, 21 F.3d 388, 393 (11th Cir. 1994). *See also Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (an Eighth Amendment violation only occurs where defendants actually know of "an excessive risk to inmate health or safety" and disregard it).

Here, the plaintiff complains the treatment he received, such as pain relievers, a hernia belt, and orders for a bottom bunk, was not "adequate medical care." (Doc. 6 at 6, 7). The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." *Harris*, 941 F.2d at 1510. Moreover, a mere difference of opinion between an inmate and prison

medical officials over a course of treatment does not support a claim of deliberate indifference. *Smith v. Fla. Dep't of Corr.*, 375 Fed.Appx. 905, 910 (11th Cir. 2010). No liability arises for an official's failure to alleviate a significant risk that he should have perceived but did not, and imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (citations omitted).

Where, as here, the inmate has received medical attention, and the dispute is over the adequacy of that attention, courts are reluctant to question the accuracy or appropriateness of the medical judgments that were made. *Harris*, 941 F.2d at 1507 (*quoting Waldrop v. Evans*, 871 F.2d 1030, 1035 (11th Cir. 1989)). Disputes regarding the level of treatment or the existence of other treatment options do not alone evidence cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Because common medical practice is to postpone surgery until a hernia becomes strangulated, a delay in surgery on a non-strangulated hernia that is treatable without surgery does not violate an inmate's constitutional rights. *Jackson*, 456 F.App'x at 814. An inmate's belief that he should have had surgery, over a contrary opinion of medical professionals, is insufficient to support a deliberate indifference claim. *Id.,* at 815. Moreover, reasonable delays associated with scheduling non-life-threatening procedures do not support an Eighth Amendment denial of

medical care claim. *See Jackson v. Benjamin*, 2011 WL 1789992, *6 (S.D.Ala. 2011) (*quoting Moore v. Ferrell*, 2009 WL 1579534, *7 (S.D.Ala. 2009).

Even with the addition of the plaintiff's newly stated facts, he fails to demonstrate the named defendants knew of the severity of his medical need and consciously chose to ignore it. Under the facts alleged by the plaintiff, he was provided conservative treatment, and when that failed, he had surgery. The plaintiff fails to state a claim for deliberate indifference which reaches constitutional proportion.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b)(1), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

**DONE** and **ORDER** dated this 1st day of February, 2018.

**VIRGINIA EMERSON HOPKINS**
United States District Judge